## HENRY MAY *v.* JOHN DILLS, JR.

**Ground for New Trial.**

Where the court refused to permit a defendant to offer evidence to sustain the allegation of his answer respecting the wrongful conversion of the property, and this was not made a ground for a new trial, the court of appeals will not pass on the alleged error.

### APPEAL FROM PIKE CIRCUIT COURT.

### February 7, 1879.

OPINION BY JUDGE HARGIS:

The action of the court in refusing to allow the appellant to offer evidence to sustain the allegations of his answer respecting the wrongful conversion of the property was not made a ground for a new trial, and we cannot therefore take cognizance of that alleged error.

Four separate grounds for a new trial were stated: 1. That there was error in assessment of amount of the recovery; 2. That the verdict was not sustained by sufficient evidence and was contrary to law; 3. "Errors of law occurring at the trial and excepted to at the time"; 4. The court erred in instructing the jury.

The appellant admitted that he took 80 or 82 hides worth $4 or $4.50 per side, and that he took the oxen which the evidence conduced to prove were worth $120 to $125. But upon the evidence before them the jury might have fixed the value of the leather much higher than the appellant stated it in his answer, and they were also authorized to allow interest from 1862. We cannot, therefore, say upon such a state of fact that the estimate made by the jury was clearly beyond what the evidence authorized. We perceive no error in the instructions given to the jury, and none is pointed out by counsel.

The third ground may be disposed of in the language of this court in *Craig v. Dennis,* Mss. Op., November, 1875. Although the third "ground for a new trial is in the language of the code, it is insufficient to call in question any of the rulings of the court made during the progress of the trial." It is necessary under this clause of the statute (Sub-sec. 8, Sec. 340, Civil Code) to set forth the particular error so as to notify the circuit court what the error is of which the party complains. If it was intended to rely on the fact that the court erred in refusing to admit evidence to sustain the counter-

15

claim, that fact should have been stated in the grounds for a new trial.

This rule has been long adhered to in this court, and is necessary to the dispatch of business and the right administration of justice in the courts. It may sometimes produce hardships, but will generally subserve the ends of justice, and is now too firmly established and has been too often acted upon to be departed from in this case.

This court can only correct errors of the court below when they are so presented by the record as to enable us to consider them without disregarding long established rules of practice.

Wherefore the judgment must be *affirmed*.

Judge Elliott not sitting.

*G. N. Brown, for appellant.   R. Apperson, for appellee.*